DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

JONATHAN U. LEE (CABN 148792)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3703
    FAX: (510) 637-3724
    Jonathan.Lee@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 20-127 JSW (TSH) |
| Plaintiff, | |
| v. | ~~(PROPOSED)~~ **DETENTION ORDER** |
| ROOSEVELT MAURICE HOGG, | |
| Defendant. | |

On February 27, 2020, the United States Attorney's Office filed a criminal complaint charging Defendant as a prohibited person in possession of ammunition. Dkt. No. 1. On March 12, 2020, the Grand Jury returned an Indictment charging Defendant with violating 18 U.S.C. § 922(g)(1) based on his possession of the ammunition and prior felony convictions. Dkt. No. 9.

This matter came before the Court on April 8, 2020, for a detention hearing. Dkt. No. 18. Defendant Hogg appeared by telephone, with his consent, as provided by Northern District General Order No. 74, and was in custody at the time of the hearing. Defendant was represented by Joyce Leavitt of the Federal Public Defender's Office. Assistant United States Attorney Jonathan Lee appeared for the government. The government moved for detention, and the defendant opposed. Defendant moved for temporary release, and the government opposed. At the hearing, counsel submitted proffers and arguments regarding detention.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community. Accordingly, the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). As noted on the record, the Court makes the following finding as the basis for its conclusion that no condition or combination of conditions will reasonably assure the safety of any other person or the community:

The Court considered as factors supporting its conclusion: (1) Defendant has 2 prior convictions for similar conduct as a felon in possession of a firearm. (2) Defendant also has 2 prior convictions for resisting arrest, 4 prior robbery convictions and 1 prior burglary conviction. (3) The Court noted that from its review of the criminal complaint and the photographs submitted by the government, the offense conduct involves Defendant's possession of an AR-style rifle, loaded extended magazine, two masks and gloves, all of which suggested to the Court an intent to commit robbery at the time of Defendant's arrest. The Court also noted that Defendant disputes he was in possession of these items. The Court,

however, described the offense conduct as very concerning and posing a high degree of danger that was imminent. The Court also noted its concern for the public stemming from this high degree of danger. The Court also noted that Defendant's prior convictions did not curb him from this offense conduct.

(4) After hearing Defendant's proffer regarding medical care at Santa Rita Jail, the Court noted that it would defer to health care providers at the jail regarding Defendant's medical issues. For these and all the reasons and discussion on the record, the Court denied the motion for temporary release and granted the government's motion for detention, finding that the government carried its burden to demonstrate by clear and convincing evidence that Defendant poses a danger to the community. Therefore, the Court therefore concluded that no condition or combination of conditions will reasonably assure the safety of any other person or the community.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT SO ORDERED.

DATED: April 10th, 2020

HON. THOMAS S. HIXSON
UNITED STATES MAGISTRATE JUDGE

DETENTION ORDER
CR 20-127 JSW                                2